**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| **FRANK SCOT JONES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CAUSE NO. 3:08-CV-0497 AS** |
| ) | |
| **MIAMI CORRECTIONAL** ) | |
| **FACILITY,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |

### *MEMORANDUM, OPINION, AND ORDER*

Frank Jones, a *pro se* prisoner, filed a complaint in the United States Court of Appeals for the Southern District of Indiana, which was transferred to this court. The plaintiff names the Miami Correctional Facility and the Facility Nursing Staff as defendants. Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006).

Section 1983 creates a cause of action for damages based on personal liability. A plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart,* 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating

a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F. 2d 335, 339 (7th Cir. 1985). The "Nursing Staff" is not a person, and is not a proper defendant. The plaintiff may sue individual nurses or doctors who he believes have violated his rights, but he must name them individually.

The plaintiff also names the Miami Correctional Facility as a defendant. The Constitution's Eleventh Amendment provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars "a suit by a citizen against the citizens own State in Federal Court." *Johns v. Stewart*, 57 F.3d 1544, 1552 (7th Cir. 1995). The Eleventh Amendment's jurisdictional bar extends to state agencies, such as the Miami Correctional Facility as well as to the State itself. *Kashani v. Purdue University*, 813 F.2d. 843 (7th Cir. 1987). A State may elect to waive its Eleventh Amendment immunity, but Indiana hasn't done so. *Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988). Accordingly, the plaintiff may not name the Miami Correctional Facility as a defendant.

But while the plaintiff has not named a proper defendant, the court cannot say he can state no claim upon which relief can be granted. Accordingly, the court will give the plaintiff the opportunity to amend his complaint. The court advises the plaintiff that, pursuant to *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), a plaintiff may not bring unrelated claims in a single case. A plaintiff may bring only properly related claims in a single case. Unrelated claims must be brought

in separate cases. For example, if the plaintiff alleges poor medical care by some defendants and improperly being placed in segregation by others, he would have bring the claims in separate complaints.

For the foregoing reasons, the court **DISMISSES** the Miami Correctional Facility and the Nursing Staff as defendants. The court **DIRECTS** the clerk to send the plaintiff, along with this order, a package containing a copy of the court's *pro se* prisoner complaint form along with summonses and Process Receipt and Return forms for the plaintiff's use. The court **AFFORDS** the plaintiff until March 9, 2009, within which to file a new complaint, and advises him that if he does not file an amended complaint, the court will dismiss this case without prejudice and without further notice.

**IT IS SO ORDERED.**

**ENTERED**: February 4, 2009

/s/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**