**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| **FRANK SCOT JONES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:08-CV-0497 AS |
| | ) | |
| **MIAMI CORRECTIONAL FACILITY,** *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

*MEMORANDUM, OPINION, AND ORDER*

Frank Jones, a *pro se* prisoner, filed a complaint in the United States Court of Appeals for the Southern District of Indiana, which was transferred to this court. The complaint named the Miami Correctional Facility and the Facility Nursing Staff as defendants. The court screened the complaint pursuant to 28 U.S.C. § 1915A(a), dismissed the Miami Correctional Facility and the Nursing Staff as defendants, and afforded the plaintiff until March 9, 2009, within which to file a new complaint naming proper defendants. The plaintiff responded with an amended complaint naming an unnamed sergeant, Correctional Officer White, and an unnamed male nurse as defendants. A court must screen amended complaints submitted by prisoners. *Zimmerman v. Hoard*, 5 F.Supp.2d 633 (N.D.Ind. 1998). Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

Section 1983 creates a cause of action for damages based on personal liability. A plaintiff must show the defendant's personal involvement or

participation, or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F. 2d 335, 339 (7th Cir. 1985).

The plaintiff alleges in his amended complaint that when he first arrived at the Miami Correctional Facility, an unnamed correctional sergeant told him that he would be housed in a segregation unit "because of no bed space, and I would be there until further notice." (DE #12, p.3). He alleges that "this Sgt. knowingly took upon his own judgment to put plaintiff in segregation with no misconduct. This alone violates my (Constitutional) rights." (*Id.*).

"The conviction (of a criminal defendant) has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Subject only to Eighth amendment restrictions, "a state can confine a prisoner as closely as it wants, in solitary confinement if it wants." *Smith v. Shettle*, 946 F.2d 1250, 1252 (7th Cir. 1991). The Fourteenth Amendment's due process clause does not protect against every change in the conditions of confinement having a substantial adverse impact on a prisoner, *Sandin v. Conner*, 515 U.S. 472, 484 (1995). A convicted prisoner is entitled to due process only when the conditions imposed work an atypical and significant hardship on him in relation to the ordinary incidents of prison life or where the discipline imposed infringed on rights protected by the due process clause of its own force. Transferring a prisoner from the general population to a

segregation unit does "not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest," and is "within the expected parameters of the sentence imposed by a court of law." *Sandin v. Conner*, 515 U.S. at 485. Accordingly, that an unnamed correctional sergeant may have placed Jones temporarily in a segregation unit when he arrived at the facility because there were no beds available in general population states no claim upon which relief can be granted.

Jones states that he was in the segregation unit for four days, and that "I was given 'NO' shower for 4 days." (DE #12, p. 2) (Emphasis in original). He wants $4,000.00 in damages for each day he did not receive a shower.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). The Constitution does not require that penal facilities provide daily showers for prisoners, *Davenport v. DeRobertis*, 844 F.2d 1310, 1316 (7th Cir. 1988), and that Jones may not have received a shower for four days is not sufficiently serious to deprive him of the minimal civilized measure of life's necessities

Jones also asserts that when he went into segregation the staff put a pair of glasses worth $750.00 in storage, and that when he left segregation, officers could not return the glasses because they had been lost or stolen. Jones filed a notice of tort claim with the state, which he attached to his amended complaint.

The Fourteenth Amendment's due process clause provides that the states shall not "deprive any person of life, liberty, or property, without due process of law." But there is no loss of property without due process of law if a state provides an adequate postdeprivation remedy for the loss. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Hudson v. Palmer*, 468 U.S. 517 (1984). The Indiana tort claims act, Ind. Code § 34-13-3, provides a sufficient remedy for loss of personal property. *Hossman v. Spradlin*, 812 F.2d 1019, 1023 (7th Cir. 1987); *Wilson v. Civil Township of Clayton*, 839 F.2d 375 (7th Cir. 1988). Since Indiana provides an adequate remedy for the illegal deprivation of property by prison officials, the plaintiff's lost glasses do not state a claim upon which relief can be granted under § 1983. Jones has filed a notice of tort claim, and should pursue his remedies on this claim in state court.

Jones asserts that he requires a catheter to urinate. He alleges that while he was in the segregation unit, Correctional Sergeant White took away his catheter and he was unable to urinate for four days. He also alleges that an unnamed male nurse refused to replace his catheter and that when he was given another catheter at the conclusion of his stay in segregation, "bleeding started and I was infected."

(DE #12 at p. 4). Giving the plaintiff the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his Eighth Amendment claim that denial of his catheter resulted in medical complications and infection.

The U.S. Marshal's office is charged with effecting service of process for inmates confined in state penal institutions. "When the district court instructs the Marshal to serve papers on behalf of a prisoner, the prisoner need furnish no more that the information necessary to identify the defendant." *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990). A plaintiff, however, needs to provide the Marshals Service with more than the term "unnamed male nurse:"

> The Marshals Service needs from the prisoner information sufficient to identify the guard ("John Doe No. 23" won't do); once that information has been provided, the Marshal should be able to obtain a current business address and complete service... when the district court instructs the Marshal to serve papers on behalf of a prisoner, the prisoner need furnish no more than the information necessary to identify the defendant.

*Sellers*, 902 F.2d at 602.

The plaintiff has provided sufficient information to identify Correctional Officer White, and the court will direct the Marshals Service to serve that defendant on his behalf. But the plaintiff must identify the unnamed male nurse either thorugh discovery *see Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996); *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981), or in some other fashion before the Marshals Service can serve that defendant with process.

5

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed on his Eighth Amendment claim that denial of his catheter resulted in medical complications and infection, **DISMISSES** all other claims, and **DISMISSES** the unnamed sergeant;

(2) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that, upon service of process upon them, the defendants are to respond to the complaint as provided for in the Federal Rules of Civil Procedure;

(3) **DIRECTS** the Marshals service to effect service of process on Correctional Officer White, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on him along with the summons and complaint; and

(4) **ADVISES** the plaintiff that he must identify the unnamed male nurse before the Marshals Service will be able to serve that defendant on his behalf.

**IT IS SO ORDERED.**

**ENTERED**: March 13, 2009

/s/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**
