# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| FRANK SCOT JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:08-CV-497 TS |
| | ) | |
| CORRECTIONAL OFFICER WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion for Summary Judgment [DE 27], filed by Defendant Correctional Officer White, and on a Motion to Amend [DE 40], filed by Plaintiff Frank Scot Jones. In his Motion for Summary Judgment, the Defendant contends that the Plaintiff did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) prior to filing this lawsuit. The Plaintiff filed a Response [DE 31], and the Defendant filed a Reply [DE 32], to which the Plaintiff responded [DE 34]. In his Motion to Amend, the Plaintiff seeks to amend his Amended Complaint to add a claim of retaliation against the Defendant based upon his alleged threats against the Plaintiff and his planting of a cell phone in the Plaintiff's cell. The Plaintiff suggests that the Defendant is engaging in such conduct because of this lawsuit against the Defendant. The Plaintiff also requests that the Court order him transferred to a facility other than the Miami Correctional Facility (MCF). The Defendant filed a Response [DE 41] to the Plaintiff's Motion to Amend, and the Plaintiff filed a Reply [DE 42].

## BACKGROUND

The Plaintiff is a prisoner at the MCF, and he is proceeding *pro se* in this matter. He filed a Complaint [DE 1] under 42 U.S.C. § 1983 in the United States District Court for the Southern District of Indiana, alleging violations of his federally protected rights. After the case was

transferred to this Court, it screened the case pursuant to 28 U.S.C. § 1915A, dismissed the claims against the Defendants, but allowed the Plaintiff to file an amended complaint. After screening the Amended Complaint [DE 12], the Court again dismissed the claims against the Defendants, except as to claims asserted against Defendant Correctional Officer White (the Defendant). The Plaintiff alleges that the Defendant violated his Eighth Amendment rights by not properly supplying a catheter, which resulted in medical complications and infection.

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide that motions for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when "'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *AA Sales & Assocs. v. Coni-Seal, Inc.*, 550 F.3d 605, 608–09 (7th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)). Under Rule 56(e)(2), a party opposing a properly made and supported motion for summary judgment "may not rely merely on allegations or denials in its own pleading; rather its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." If appropriate, summary judgment should be entered against a party who fails to so respond. Fed. R. Civ. P. 56(e)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (holding that a court should enter summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). A court's role on summary judgment is not to weigh the evidence, make credibility determinations, or decide which inferences to draw

from the facts, but instead to determine whether there is a genuine issue of triable fact. *Anderson,* 477 U.S. at 255; *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007); *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Thus, a court in ruling on a summary judgment motion construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *AA Sales & Assocs.*, 550 F.3d at 609. However, the court is not required to draw every conceivable inference from the record—only reasonable ones. *Spring v. Sheboygan Area Sch. Dist.*, 865 F.2d 883, 886 (7th Cir. 1989). Under local rule, facts that are submitted by the moving party and supported by admissible evidence are considered to exist without controversy, except to the extent that such facts are controverted in a "Statement of Genuine Issues" filed in opposition to the motion. L.R. 56.1.

In this case, the Defendant is the moving party, claiming that the Plaintiff failed to exhaust administrative remedies as an affirmative defense. Accordingly, the Defendant bears the burden of proof. *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008).

## DISCUSSION

### A. The Defendant's Motion for Summary Judgment

The Defendant asks the Court to enter judgment as a matter of law in his favor because the Plaintiff failed to exhaust administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file § 1983 claims regarding conditions of confinement. *Booth v. Churner*, 532 U.S. 731 (2001); *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 537 (7th Cir. 1999). Exhaustion of administrative remedies, as required by § 1997e, is a condition precedent to suit, and § 1997e "applies to 'all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002)

(quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). Although failure to exhaust is not a jurisdictional defect, the exhaustion provision of this statute requires dismissal of any case in which an available administrative remedy has not been exhausted. *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). "[T]he court must not proceed to render a substantive decision until it has first considered § 1997e(a). The statute gives prisons and their officials a valuable entitlement—the right *not* to face a decision on the merits—which courts must respect if a defendant chooses to invoke it." *Perez*, 182 F.3d at 536 (emphasis in original). Where exhaustion has been raised as a defense, issues relating to exhaustion are to be resolved by the court before proceeding to the merits. *Pavey v. Conley*, 544 F.3d 739, 741–42 (7th Cir. 2008).

"Because the [exhaustion provision] does not say when a process is 'available,' the court must apply the ordinary meaning of the term." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). "[W]hen the prisoner causes the unavailability of the grievance process by simply not filing a grievance in a timely manner, the process is not unavailable but rather forfeited." *Id*. But, "when prison officials prevent inmates from using the administrative process . . . , the process that exists on paper becomes unavailable in reality," and "administrative remedies are not 'available.'" *Id*. (citation omitted). Accordingly,

> If administrative remedies are not "available" to an inmate, then the inmate cannot be required to exhaust. Thus, "[c]orrections officials concerned about maintaining order in their institutions have a reason for creating and retaining grievance systems that provide—and that are perceived as providing—a meaningful opportunity for prisoners to raise meritorious grievances."

*Id*. (quoting *Woodford v. Ngo*, 548 U.S. 81, 102 (2006)).

In support of his Motion for Summary Judgment, the Defendant submits the Declaration of MCF Administrative Assistant Clair Retek [DE 27-3] and a History of Grievances for Offender 157911 FRANK JONES [DE 27-2]. The Defendant's submissions establish that the Indiana Department of Corrections (IDOC) has a grievance procedure and that the claims the

4

Plaintiff presents in his Amended Complaint were grievable. Ms. Retek states in her Declaration that she "found that Mr. Jones had attempted to file one grievance regarding his treatment by staff, including Correctional Officer White, that was rejected twice. Neither filing followed proper procedures, therefore both were returned to Mr. Jones." (Retek Decl. ¶ 18, DE 27-3.) Ms. Retek's Declaration does not explain what the deficiencies were in the Plaintiff's grievance submissions, and the Defendant did not provide the Court with the documents the Plaintiff submitted and Ms. Retek reviewed and returned.

In response to the Defendant's Motion, the Plaintiff asserts that MCF officials effectively rendered the grievance remedy unavailable by their handling of his grievance. The Plaintiff has submitted a copy of a Formal Grievance [DE 11 at 2–4], which is dated November 6, 2008, along with a copy of a Return of Grievance [DE 11 at 1] that Ms. Retek filled out upon rejecting the grievance and returning it to the Plaintiff. The Plaintiff's Formal Grievance appears to relate to claims he presents in this case against the Defendant. Apparently, Ms. Retek returned the Plaintiff's grievance because the Plaintiff had not "attempted to resolve this grievance informally," because the grievance was "not signed by a staff member and/or dated or does not include your commitment name, housing assignment, and/or DOC number," and because the relief sought "is not a function of the grievance process." (DE 11 at 1.) Based upon Ms. Retek's Declaration, it appears that no investigation of the Plaintiff's Formal Grievance was conducted.

As for the first two reasons for rejecting the Plaintiff's Formal Grievance, the Court finds the Seventh Circuit's order in *Smith v. Buss*, No. 09-1980, 2010 WL 457235 (7th Cir. Jan. 29, 2010), instructive.[1] In that case, a grievance official at an IDOC facility rejected a prisoner's grievances for two of the three same technicalities that Ms. Retek cited as explanations for

---

[1] Under the applicable rules, this unpublished order is not treated as precedent. *See* Fed. R. App. P. 32.1; U.S. Ct. of App. 7th Cir. Rule 32.1.

rejecting the Plaintiff's grievance. *Id.* at *2. One of that prisoner's grievances was returned to him with instructions to attempt to informally resolve his grievance, and another grievance was returned because it had not been signed by a staff member. In finding that the prison officials had not met their burden of establishing that administrative remedies were available to the prisoner, the Seventh Circuit observed that "administrative remedies are unavailable if prison officials simply do not respond to grievances," *id.* (citing *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002), and that "[i]f prison officials erroneously impose requirements on the grievance process, administrative remedies are not available," *id.* (citing *Kaba*, 458 F.3d at 684, and *Brown v. Croak*, 312 F.3d 109, 111–12 (3d Cir. 2000) (remedies were unavailable when officials told a prisoner that he had to wait until an investigation was complete before filing the grievance)); *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002) (as long as a grievance contains everything the policy instructed a prisoner to include, prison officials "can't complain that he failed to do more").

Although Ms. Retek states that IDOC policy requires the prisoner to attempt to resolve his complaint informally and that, when the informal complaint is not resolved satisfactorily, the prisoner may pursue the formal complaint process (Retek Decl. ¶¶ 8 & 9, DE 27-3), the record before the Court does not include the policy or details regarding how it is implemented or how prisoners are to satisfy it. The only space on the grievance form for a staff member to sign is at the bottom where there is a line for the "Signature of Executive Assistant" (DE 11 at 2), which appears to be a space for the official receiving the grievance to sign. Thus, it may be that IDOC policy does not require a staff signature on grievances. Even assuming such a policy exists, in the Informal Complaint section of the Formal Grievance form that was completed by the Plaintiff, he indicated that he talked with and wrote to Lt. Ash and to all personnel and that a staff nurse responded. He also attached additional pages as the form directed. These statements

6

are consistent with what appears to be the Plaintiff's notes on the Return of Grievance form completed by Ms. Retek, which state that "every thing[] has been sent to Lt. Ash before grievance was sent to you" and "every thing is filled out. 'Right.'" (DE 11 at 1.) Examination of the completed Formal Grievance form also reveals that it is dated and includes the Plaintiff's commitment name, housing assignment, and DOC number. Furthermore, the Return of Grievance form filled out by Ms. Retek suggests that the Plaintiff had provided this information because she placed the Plaintiff's full name, DOC number, and housing assignment on the form—this is information she may have taken from the Plaintiff's initial Formal Grievance form. Thus, the record shows the Plaintiff's attempt to comply with the grievance procedures by attempting to resolve his complaint informally and then submitting his Formal Grievance.

The first two grounds cited by Ms. Retek in rejecting the Plaintiff's Formal Grievance are not supported by the record before the Court. Because prison officials may not take unfair advantage of the exhaustion requirement, and because a remedy becomes "unavailable" if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting administrative remedies, the Court finds that the Defendant has failed to show that administrative remedies were available and that the Plaintiff failed to exhaust them. *Dole v. Chandler*, 438 F.3d 804, 809–10 (7th Cir. 2006); *see also id.* at 813 (instructing that where a prisoner takes all steps necessary to exhaust one line of administrative review and does not receive instructions on how to proceed once his attempts at review were foiled, he has exhausted his administrative remedies under 42 U.S.C. § 1997e(a)).

As for the third reason cited by Ms. Retek for rejecting the Plaintiff's Formal Grievance, the Plaintiff indicated in his Formal Grievance that he "asked sgt for grievance. He said no. I went on to federal courts. I suffered bleeding from my bladder because of this retaliation by C/O White. I'm suing for $20,000 twenty thousand dollars. For damages. "Also" I want to be

7

transfer[red] to another facility. A.S.A.P. I think this C/O White should be fired. I will be adding this complaint as a motion to amend, in my federal complaint."[2] (DE 11 at 2 (emphasis in original).) Again, Ms. Retek returned the Plaintiff's grievance asserting that "the relief you are seeking is not a function of the grievance process." (DE 11 at 1.) However, the Plaintiff's request to be moved or to have a staff member disciplined for the alleged misconduct that led to his medical complications seems to be the type of relief that a prisoner could request in a grievance process. In fact, Ms. Retek has stated that, if the Plaintiff had filed a grievance, "at the least an investigation into his claim would have been conducted." (Retek Decl. ¶ 22, DE 27-3.) She added that had the investigation "revealed any such wrongdoing by a staff member, any one or more of a number of steps might have been taken; including separating Mr. Jones from the area in which Officer White worked; discipline, from reprimand to dismissal, of the officer who allegedly misbehaved; direction to medical staff for appropriate treatment; or other steps." (Retek Decl. ¶ 23, DE 27-3.) Accepting the truth of Ms. Retek's statements, which were made under penalty of perjury, at least some of the relief that the Plaintiff requested was relief the grievance process could have afforded.

Additionally, Ms. Retek may have rejected the Plaintiff's grievance because, in addition to seeking relief that was available, the Plaintiff asserted a claim for damages. One of the Plaintiff's notes on the Return of Grievance states that he "showed this return to Counselor Beard. He said nothings wrong. Only the amount I'm asking for." (DE 11 at 1.) Awarding

---

[2] The Plaintiff's original Complaint [DE 1] was filed before the Plaintiff filed his November 6, 2008, Formal Grievance [DE 11]. In that Complaint, he asserted that he asked the sergeant on duty for a grievance and that the sergeant "said no." (Compl. 2, DE 1 (emphasis in original).) In his Amended Complaint, which was filed after he filed his Formal Grievance, he alleged that he "already sent all grievance to courts." (Am. Compl. 2, DE 12.) In his Formal Grievance, he stated that he sought relief because he "asked for grievance. He said no. I went to federal courts." (DE 11 at 2.) This sequence alone does not provide a basis for dismissing the Plaintiff's case for failure to exhaust. The claims stated in the Amended Complaint that remain pending relate to the conduct of the Defendant, which was the subject of the Formal Grievance. Furthermore, the Defendant has provided no evidence contradicting the Plaintiff's claim that he asked for a grievance form shortly after the incident and was refused. Accordingly, this statement is uncontradicted.

8

damages may not be a function of the grievance system, but grievance officials are not bound by the relief that an inmate requests and may take any action deemed appropriate after an investigation. *See Dole*, 438 F.3d at 809 (stating that "so long as the administrative authority has the ability to take *some* action in response to the complaint (even if not the requested action), an administrative remedy is still 'available' under the [statute]") (citing *Booth v. Churner*, 532 U.S. 731, 741 (2001)); *Larkin v. Galloway*, 266 F.3d 718, 723 (7th Cir. 2001) (a grievance procedure is available even if it cannot give a prisoner the relief he wants if the administrative body (1) was empowered to consider the complaint and (2) could take some action in response to it).

The third ground cited by Ms. Retek in rejecting the Plaintiff's Formal Grievance is not supported by the record before the Court. Although the Plaintiff requested damages in his grievance, which was relief not available as a function of the grievance process, he also requested some relief that the grievance process afforded, and prison officials should have considered his grievance. Because the prison officials effectively made the administrative grievance remedy unavailable by rejecting the Plaintiff's grievance, the Defendant cannot obtain dismissal of this lawsuit pursuant to § 1997e for failure to exhaust his administrative remedies. *See Lewis*, 300 F.3d at 833 (administrative remedies are unavailable and deemed to be exhausted when prison officials fail to respond to a properly filed inmate grievance). Accordingly, the Court finds that the Defendant has failed to show that administrative remedies were available and that the Plaintiff failed to exhaust them.

Considering the record before it, the Court deems the administrative remedy unavailable to the Plaintiff, at least as far as the claims currently pending in this case. Therefore, the Court will deny the Defendant's Motion for Summary Judgment.

### B. The Plaintiff's Motion to Amend

In his Motion to Amend his Amended Complaint to add a claim of retaliation, the Plaintiff states that, after he filed this lawsuit against the Defendant (Correctional Officer White), he has been subjected to retaliation by the Defendant. Specifically, the Plaintiff alleges that on December 26, 2009, the Defendant "planted a cell phone and charger in my cell room, and laughed at me, and said pay back is a 'Bitch.'" (Pl.'s Mot. to Amend 2.) The Plaintiff then received disciplinary action for "lying" about the incident. (*Id.*) The Plaintiff also alleges that since the filing of this lawsuit, the Defendant has threatened the Plaintiff that he would not "make it out of prison," (*id*. 1), and the Defendant "has been calling [the Plaintiff's] family members telling them to have [the Plaintiff] [] drop the lawsuit," (*Id.* 3.) In response to the Motion to Amend, the Defendant notes that the Plaintiff did not attach the proposed amended pleading, highlights that the Plaintiff filed this Motion after the Defendant had previously filed his summary judgment motion and that granting the Plaintiff's Motion would unduly prejudice the Defendant, and argues that, in order to prevail on the Plaintiff's proposed claim, he would need to invalidate his disciplinary conviction for having a cell phone. Accordingly, the Defendant argues that the Plaintiff's Motion should be denied. The Plaintiff replies that the Defendant continues to retaliate against him, such as in an incident as recent as February 16, 2010. He expresses concern that the Defendant will harm him and has set things up so that the Plaintiff cannot challenge the Defendant's actions within the MCF.

Pursuant to Federal Rule of Civil Proceeding 15(a)(2), leave should be freely given to file amended pleadings when justice so requires. Rule 15(d) permits a party, on motion and reasonable notice, to "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The Plaintiff alleges facts in his Motion and Reply that suggest that he may be able to state a cause of action for retaliation.

*See* 28 U.S.C. § 1915A; *Johnson v. Stovall*, 233 F.3d 486, 489 (7th Cir. 2000). The alleged retaliation appears to have occurred after the Plaintiff filed this lawsuit, but the Plaintiff in his Amended Complaint specifically alleged retaliation against the Defendant (Correctional Officer White). Furthermore, it is not clear on the record before the Court whether administrative remedies are available to the Plaintiff, whether the Plaintiff exhausted such remedies, or whether the Plaintiff has been prevented from doing so. It appears that the Plaintiff intends to challenge the Defendant's threats and conduct, but he may also intend to challenge discipline he received from the prison, which may be a different matter. These questions cannot be resolved on the current record, especially without the benefit of the Plaintiff's proposed amended pleading or supplemental pleading.

Accordingly, the best way forward is for the Court to deny the Plaintiff's Motion to Amend without prejudice but with leave to file a motion to amend or to supplement his pleadings, along with his proposed amended complaint or supplemental pleadings. The Court will direct the Clerk of the Court to provide the Plaintiff with a copy of this Court's form complaint for § 1983 actions. In completing this form, the Plaintiff should be mindful that the newly amended complaint (when filed) will supercede all other pleadings filed by the Plaintiff, and thus the amended complaint should repeat the current allegations against the Defendant and include his additional allegations of retaliation against the Defendant.

To the extent the Plaintiff again requests that the Court move the Plaintiff to a different facility in the Indiana prison system, the Court is unable to grant the relief the Plaintiff has requested, and his request will be denied.

## CONCLUSION

For the foregoing reasons, the Court:

(1) DENIES the Defendant's Motion for Summary Judgment [DE 27], LIFTS the stay on discovery imposed by the Court's April 21, 2009, Order [DE 24], and REQUESTS that the Magistrate Judge set further deadlines in this case;

(2) DENIES WITHOUT PREJUDICE the Plaintiff's Motion to Amend [DE 40], GRANTS the Plaintiff leave to file a motion to amend or to supplement his pleadings (along with his proposed amended complaint or supplemental pleadings, which repeats the current allegations against the Defendant and includes additional allegations regarding retaliation) on or before April 26, 2010, and DIRECTS the Clerk to send the Plaintiff a copy of this Court's form complaint for § 1983 actions along with a copy of this Opinion and Order; and

(3) DENIES the Plaintiff's request, made in his Motion to Amend [DE 40], to be moved to a different facility within the Indiana prison system.

SO ORDERED on March 30, 2010.

                                                   s/ Theresa L. Springmann
                                                  THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT