# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| FRANK SCOT JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CV-00497 JD |
| | ) | |
| MIAMI CORRECTIONAL | ) | |
| FACILITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Frank Scot Jones filed a complaint in the United States District Court for the
Southern District of Indiana, asserting that Miami Correctional Facility ("MCF") officials
violated his Eighth Amendment rights. The complaint was transferred to this district as the
proper venue. Mr. Jones then filed an amended complaint, which the Court screened pursuant to
28 U.S.C. § 1915A. The Court allowed Mr. Jones to proceed on a claim that Correctional
Officer White ("Defendant") denied him his catheter, resulting in medical complications and
infection.

Officer White moved for summary judgment asserting that Mr. Jones did not exhaust his
administrative remedies as required by 42 U.S.C. § 1997e(a). The Court denied that motion.[1] [DE
43]. This matter is now before the Court on Defendant's motion to reconsider [DE 44] in which
he asks the Court to reconsider the denial of his summary judgment motion and to set an
evidentiary hearing on the question of whether Mr. Jones exhausted his administrative remedies
or, alternatively, to grant Defendant summary judgment on the ground that the complaint was

---

[1] This order was issued by Judge Springmann on March 30, 2010. The case was subsequently reassigned to
Judge DeGuilio on June 3, 2010.

brought prematurely. Mr. Jones filed a response to the motion [DE 50], which Officer White moved to strike as untimely and irrelevant to the pending motion [DE 51].

Because Mr. Jones's response to the motion for reconsideration discusses events occurring after this Court entered its order denying summary judgment, it is non-responsive to Officer White's motion for reconsideration. Additionally, because the Court's ruling on Defendant's motion for reconsideration is unaffected by consideration of the matters contained therein, Defendant's motion to strike is GRANTED.

For the reasons stated herein, Defendant's motion for reconsideration is DENIED.

## LEGAL STANDARD

A motion to reconsider is a request that a court "reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004). The "limited function" of motions to reconsider is "to correct manifest errors of law or fact or to present newly discovered evidence." *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982). Reconsideration is appropriate when the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). "A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id*.

A district court is "entitled to reconsider its initial denial of summary judgment, because the denial of summary judgment was simply an interlocutory order, which the district court had broad authority to reconsider." *Peirick v. Indiana Univ.-Purdue Univ. Athletics Dept*., 510 F.3d

2

681, 694 n.5 (7th Cir. 2007) (citations omitted). However, reconsideration is discretionary and motions for reconsideration should not be used to reargue previously presented points. *See Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003).

## DISCUSSION

### A.   Defendant's Objection to the Court's Consideration of the Formal Grievance and Grievance Return [DE 11]

In its summary judgment analysis, the Court considered a formal grievance dated November 6, 2008, signed by Mr. Jones [DE 11 at 2], and a return of grievance form dated November 20, 2008, signed by MCF Grievance Official Clair Retek [DE 11 at 1]. The Defendant objects to the use of these documents on several grounds, and argues that he would be entitled to summary judgment if the Court were to ignore this evidence.

Officer White first asserts that Mr. Jones did not serve him with copies of these documents. The Plaintiff filed these documents with the Court on February 12, 2009 [DE 11]. The amended complaint was not served on the Defendant until March 30, 2009 [DE 17], and Defendant's counsel did not appear in this case until April 9, 2009 [DE 18]. Accordingly, at the time he submitted these documents to the Court, Mr. Jones was under no obligation to serve them on the Defendant or his counsel.

Moreover, the docket and all documents filed with the court are available to the Indiana Attorney General's office electronically. The docket entry title for [DE 11] is "Offender Grievance Program Return of Grievance by Frank Scot Jones," a title that might have caught the attention of an attorney who intended to present exhaustion of administrative remedies as an affirmative defense. These documents were readily available to the parties prior to the Court's

3

ruling on summary judgment and inattention to the record is not a valid ground for reconsideration of the Court's summary judgment order.

Officer White next asserts a technical objection that "the Plaintiff did not designate Docket Entry 11 as evidence, nor did he refer to it in his multiple responses to Defendant's Motion for Summary Judgment . . . ." [DE 45 at 3]. While *pro se* litigants are not immune from the Federal Rules of Civil Procedure, courts hold *pro se* litigants to less exacting standards than those to which they hold lawyers. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). In addition, when ruling on motions, a court may consider any document in the record, whether or not the parties cite it. *See* Fed. R. Civ. P. 56(c)(3) (stating that "the court need consider only the cited materials, but it may consider other materials in the record."). Here, the Court was entitled to consider the complete record before it, and did so.

Officer White also argues that these documents are not properly authenticated, noting that "[p]ursuant to Federal Rule of Evidence 901, it is a condition precedent to admissibility that the matter in question is authenticated or identified as what it is purported to be" [DE 45 at 3]. He further contends that these documents contain hearsay.

Looking to the documents themselves, Docket Entry 11 consists of two documents, entitled "Indiana Department of Correction Offender Grievance Program Formal Grievance" [DE 11 at 2], and "Indiana Department of Correction Offender Grievance Program Return of Grievance" [DE 11 at 1]. Both are forms prepared by the Indiana Department of Correction for use in the grievance procedure. The fact that Mr. Jones wrote additional comments on the return of grievance form, which constitute hearsay, does not preclude the consideration of the document in ruling on a motion for summary judgment, without relying on the hearsay statements. The

identity and authenticity of these documents is provisionally clear. One is an official document used by prisoners to file grievances; the other is an official document used by grievance officials when they return grievances to prisoners. The grievance form is signed by Mr. Jones [DE 11 at 2], and the return of grievance form is signed by MCF Executive Assistant Clair Retek and addressed to Offender Frank Jones #157911 [DE 11 at 1]. Nothing suggests that these documents are forgeries or something other than what they purport to be.

Additionally, in her declaration in support of the Defendant's summary judgment motion, Ms. Retek attested that when she searched the jail's records, she found a grievance that Mr. Jones attempted to file against the Defendant, which she returned to Mr. Jones with a return of grievance form [DE 27-3 at 3]. Thus, Ms. Rehak's attestation is enough to authenticate the documents, which cannot come as a surprise to the Defendant. Accordingly, there is no reason for the Court to reconsider its decision in looking to these documents in deciding whether the administrative grievance remedy was available to Mr. Jones within the meaning of § 1997e(a).

**B.** **Defendant's Contention that There Are Disputed Issues of Fact Requiring a Hearing**

Where there are disputed issues of material fact in § 1997e(a) summary judgment proceedings, a district court should conduct a hearing to determine those facts. *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008); *but see Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009) (concluding that no hearing was required because "there are no disputed facts regarding exhaustion, only a legal question"). Officer White states that he "presented evidence to the Court, through the sworn testimony of Clair Retek, that . . . Jones failed to follow Indiana Department of Correction Procedures for filing a grievance . . . ." [DE 45 at 4]. He then asks this Court to

reconsider its order denying summary judgment "and set an evidentiary hearing to determine the facts relevant to the defense raised by Defendant White. . . [relative to] the question of whether the plaintiff followed the policy." [DE 45 at 5]. There are, however, no disputed issues of fact requiring a hearing. *See Doss*, 649 F. Supp. 2d at 912.

In its summary judgment order, the Court properly concluded that Ms. Retek improperly rejected Mr. Jones's November 6 grievance, thereby rendering the grievance procedure unavailable to him. And while Defendant's motion for reconsideration is not supported by any circumstances making reconsideration appropriate because the instant case does not involve new factual issues or a change in the law and the Defendant was not a misunderstood litigant, the Court briefly reiterates the reasoning supporting its decision.

The parties agree that Ms. Retek returned Mr. Jones's grievances to him, citing deficiencies therein. The Defendant never advised the Court what those alleged deficiencies were, and did not provide documentation supporting Ms. Retek's contention that there were valid deficiencies that justified returning the grievance to Mr. Jones in lieu of investigating his claims. However, the return of grievance form Ms. Retek signed on November 20, 2010, when she returned Mr. Jones's grievance of November 6, contains the information that the Defendant did not provide the Court. As the Court noted in its memorandum and order denying summary judgment:

> Ms. Retek returned the Plaintiff's grievance because the Plaintiff had not "attempted to resolve this grievance informally," because the grievance was "not signed by a staff member and/or dated or does not include your commitment name, housing assignment, and/or DOC number," and because the relief sought "is not a function of the grievance process."

[DE 43 at 5]. In its summary judgment memorandum and order, this Court analyzed each of these

grounds, and determined that Ms. Retek was simply wrong, and that Mr. Jones's grievance contained everything that was necessary for a proper grievance.

The grievance Mr. Jones submitted was signed, dated, and contained his name, housing unit and IDOC number. There is no space on the form for a staff signature, other than a signature block for the executive assistant, who, according to the signature block on [DE 1-1], was Clair Retek. The grievance form did not instruct Mr. Jones to obtain the signature of a staff member other than that of the grievance official who received the form.

Mr. Jones's grievance [DE 11-2] also establishes that he attempted to resolve his problem informally, as required by the IDOC grievance policy, and that his grievance contained everything the grievance form instructed prisoners to include. Additionally, there is no suggestion that the IDOC policy gave Ms. Retek any authority to require Mr. Jones to make further efforts to resolve his grievance informally. As long as a Mr. Jones's grievance contained everything the policy "instructed him to include[ Defendant] can't complain that he failed to do more." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002); s*ee also Hurst v. Hantke*, No. 10-2745, 2011 WL 470157, at *3 (7th Cir. Feb. 10, 2011) (officials at an individual facility may not establish a "secret supplement" to the statewide grievance procedure requiring a prisoner to do more than is required by the state policy). And "when prison officials prevent inmates from using the administrative process . . . the process that exists on paper becomes unavailable in reality." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Accordingly, Ms. Retek improperly rejected Mr. Jones's on the basis of incompleteness.

Ms. Retek also improperly rejected Mr. Jones's grievance on the grounds that "the relief [Mr. Jones was] seeking is not a function of the grievance procedure" [DE 11 at 1]. In his

grievance, Mr. Jones asked for a transfer to another facility, suggested that Officer White should be fired, and asked for damages. None of these requests justified rejection of the grievance.

> Prison officials have considerable leeway in constructing grievance systems.

>> The only constraint is that no prison system may establish a requirement inconsistent with the federal policy underlying § 1983 and § 1997e(a). *See Robertson v. Wegmann*, 436 U.S. 584 (1978). Thus, for example, no administrative system may demand that the prisoner specify each remedy later sought in litigation-for *Booth v. Churner*, 532 U.S. 731 (2001), holds that § 1997e(a) requires each prisoner to exhaust a process and not a remedy.

*Strong*, 297 F.3d at 649-50.

The Seventh Circuit has held that "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. We stated that a grievant need not lay out the facts, articulate legal theories, *or demand particular relief*. All the grievance need do is object intelligibly to some asserted shortcoming." *Nelson v. Miller*, 570 F.3d 868, 876 n.4 (7th Cir. 2009) (citations and internal quotation marks omitted) (emphasis added). Mr. Jones's grievance filed on November 6, 2008 satisfies the purposes of the exhaustion requirement because it presented a problem Mr. Jones believed he was having and provided the information necessary to investigate the problem. That the grievance mentioned particular relief Mr. Jones would have liked to obtain does not justify the rejection of the grievance.[2]

Again, Defendant has failed to identify any proper basis for altering or amending the Court's ruling denying summary judgment, or a basis for ordering a hearing. Instead, he reargues the merits of his motion.

---

[2] Moreover according to Ms. Retek's declaration, with the exception of damages, the relief Mr. Jones requested was available through the grievance procedure if an investigation "revealed wrongdoing by a staff member." [DE 27-3 at ¶ 23]. According to her declaration, Mr. Jones could have been moved or the officer could have been disciplined "from reprimand to dismissal." *Id.*

**C.    Defendant's Claim that "the Third Reason for Rejecting Plaintiff's Grievance is Unsupported by the Record"**

The Defendant argues that Ms. Retek "indicated in her uncontradicted testimony, [that she] applied the [grievance] policy to the Plaintiff's submission and rejected his submission. The Plaintiff was free to correct his filing and resubmit his grievance, as indicated in the record." [DE 45 at 6)]. But as detailed, Ms. Retek's declaration statements are only "uncontradicted" if the Court ignores the actual grievance and return of grievance form, which it has declined to do.

As previously discussed, the Court examined these two documents and determined that the grievance Mr. Jones submitted was proper and should not have been rejected. Because Mr. Jones's grievance was proper on its face, Ms. Retek had no authority to require him to "correct his filing and resubmit his grievance." Accordingly, Mr. Jones was under no obligation to attempt to correct the purported "deficiencies" by filing another grievance. This argument was rejected in the Court's March 30, 2010 order, and the Court declines to overturn that ruling for the reasons stated previously.

**D.    Defendant's Contention that the Timing of the Initiation of this Action Requires Its Dismissal**

Defendant further contends that Mr. Jones filed the instant lawsuit before exhausting his administrative remedies, and therefore that summary judgment in Defendant's favor is appropriate. [DE 45 at 8-9]. As noted in footnote two to this Court's previous order denying summary judgment [DE 43 at 8 n.2], the uncontradicted facts of the case do not support Defendant's argument.

According to the record, Mr. Jones was placed in a segregation unit on October 16, 2008 [DE 12-1], and the events he complains of occurred while he was in segregation. Mr. Jones

9

signed his original complaint on October 18, 2008, and it was received by the Clerk of the United States District Court for the Southern District of Indiana on October 21, 2008 [DE 1]. In his complaint, Mr. Jones alleges, that he asked the sergeant on duty for a grievance, and the sergeant said "no." [DE 1 at 2] (emphasis in original). Mr. Jones continued, "I have no other choice but to write straight to the federal courts." *Id.* On November 6, 2008–about two weeks after the Court docketed his complaint–Mr. Jones was able to and did file a grievance. [DE 11 at 2]. Therein, Mr. Jones reiterated how he was earlier unable to file a grievance, and therefore sought relief from the court. *Id.* Mr. Jones also stated that he intended to file an amended complaint having later been able to file the grievance. *Id.*

Defendant argues that this timing requires the Court to grant its motion for summary judgment. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In its motion for reconsideration, Defendant claims that "Jones failed to wait until his administrative procedures had been exhausted before bringing this cause of action, and therefore, his claims must be dismissed." [DE 45 at 9] (citing § 1997e(a); *Ford v. Johnson*, 362 F.3d 395, 399-400 (7th Cir. 2004) (affirming the dismissal of claims brought while administrative proceedings were still ongoing)).

However, under relevant precedent, the initial denial of Mr. Jones's request for grievance forms did constitute an exhaustion of his administrative remedies when he filed the original complaint. *See Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004) (concluding that administrative remedies were unavailable to a prisoner when prison employees allegedly refused

to provide him the forms necessary to file a grievance); *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003) (holding that district court erred in failing to consider prisoner's claim that he was unable to submit a grievance, and therefore lacked available administrative remedies, because prison employees refused to provide him with the necessary forms); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (holding that a prisoner denied access to grievance forms had exhausted his available remedies because "a remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not an 'available' remedy under § 1997e(a)").

Given this precedent, the denial of Mr. Jones's request for grievance forms, which precluded him from filing a grievance, constituted an exhaustion of his administrative remedies. This renders Mr. Jones's complaint compliant with § 1997e(a), despite the fact that his administrative remedies may subsequently have been restored after the suit was filed. Accordingly, Defendant's request for reconsideration on this ground must be denied.

## CONCLUSION

For the foregoing reasons, the Defendant's motion to strike is GRANTED [DE 51], and the Defendant's motion for reconsideration [DE 44] of the denial of his motion for summary judgment is hereby DENIED.

SO ORDERED.

ENTERED:  March 31, 2011

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court

11